IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                                                      No. 2:00CR94-P

WILLIE HAMPTON                                                        DEFENDANT

## ORDER

This matter comes before the court on the June 20, 2005, motion of the defendant Willie Hampton for relief from judgment under FED. R. CIV. P. 60(b)(4) (void judgment) and 60(b)(6) (other reason justifying relief from judgment), as well as his June 27, 2005, *Ex Parte* Notice of Recall of Mandate Upon Newly Discovered Evidence. For the reasons set forth below, both motions shall be dismissed.

### Motion for Relief from Judgment

Hampton's June 20, 2005, motion under FED. R. CIV. P. 60(b) seeks to invalidate his criminal judgment in this case as void for various reasons. As such, the court initially decided to construe the pleading as a challenge to Hampton's sentence under 28 U.S.C. § 2255. Indeed, when directing the government to respond, the court referred to the June 20, 2005, submission as a motion "to vacate, set aside, or correct" Hampton's sentence, using language directly from 28 U.S.C. § 2255. The government filed its response September 21, 2005.

On that same day, Hampton filed an "Affidavit of Uncontroverted Facts and Conclusions of Law . . ." in which he objected vigorously to the court's recharacterization of his Rule 60(b) motion as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2255. Hampton cited various cases holding that before a district court may recharacterize a pleading into a petition for a writ of

*habeas corpus* under 28 U.S.C. § 2255, the court must first: (1) notify the defendant of its intent to so recharacterize the submission, (2) warn the defendant that recharacterization will leave future petitions under 28 U.S.C. § 2255 subject to restriction as second or successive petitions, and (3) provide the defendant the opportunity to withdraw the submission – or amend it to include all potential grounds for *habeas corpus* relief. *Castro v. United States*, 540 U.S. 375, 377 (2003). In fact, Hampton recited these warnings in the instant motion. The court finds Hampton's objection well taken.

Hampton has, however, demanded a third course of action. As he made quite clear in his September 20, 2005, objection, he wishes for the court to rule on the motion as he drafted it – with no recharacterization:

> Wherefore by this presentment, all concerned parties have been lawfully NOTICED of [Hampton's] adamant refusal to any type of recharacterization of his rule 60(b) motion to that of any other kind of lab[e]led pleadings, including/specifically that of a first round of petition for review under § 2255.

Hampton's September 20, 2004, "Affidavit of Uncontroverted Facts . . . ."

With Hampton's wishes in mind, the court holds that FED. R. CIV. P. 60(b) applies to civil proceedings *only* – and thus provides no basis for relief from judgment in a criminal proceeding such as this. *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998). As such, the instant motion shall be denied. Such a ruling acts as a short-term procedural defeat to Hampton, but it comports with the reasoning in Justice Scalia's concurring opinion in *Castro*:

> A *pro se* litigant whose non-§ 2255 motion is dismissed on procedural grounds and one whose recharacterized § 2255 claim is denied on the merits both end up as losers in their particular actions, but the loser on procedure is better off because he is not stuck with the consequences of a § 2255 motion that he never filed.

*Castro,* 540 U.S. at 794-95. Thus, while Hampton's claim – as he insisted that the court interpret it – was doomed before it ever reached the courthouse, he may still file a proper 28 U.S.C. §

2255 sometime later, subject to the one-year time limitation and other requirements all petitioners under 28 U.S.C. § 2255 face. Hampton's motion under FED. R. CIV. P. 60(b) shall therefore be dismissed.

### *Ex Parte* Notice of Recall of Mandate Based Upon Newly Discovered Evidence

Hampton's June 27, 2005, *Ex Parte* Notice of Recall of Mandate Upon Newly Discovered Evidence must be dismissed for two reasons: (1) This court has not the authority to recall a mandate issued by the Fifth Circuit Court of Appeals; and (2) The Fifth Circuit has already ruled on the motion. As such, it shall be dismissed.

In sum, Hampton's June 20, 2005, motion under FED. R. CIV. P. 60(b) is hereby **DISMISSED**, and his June 27, 2005, *Ex Parte* Notice of Recall of Mandate Upon Newly Discovered Evidence is also **DISMISSED**.

**SO ORDERED,** this the 30th day of September, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE